UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYNA REESE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10497** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "H" (3)** |

REPORT AND RECOMMENDATION

Plaintiff Tyna Reese filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment. The issues are thus ripe for review.  For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be GRANTED IN PART, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED under 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this opinion.

**I.   BACKGROUND**

Plaintiff filed her applications for DIB and SSI on May 4, 2016, alleging a disability onset date of April 6, 2016. (Adm. Rec. at 229-45).  Plaintiff alleged disability due to depression, anxiety, hyperthyroidism, tingling and numbness in her left hand, issues with her speech and memory skills, difficulty in focusing and concentrating, chronic fatigue, trouble with sleeping, anxiety attacks, and night sweats and tremors. (*Id.* at 257). Plaintiff, born on May 23, 1978, was 37 years old on the date on which she alleged disability. (*Id.* at 286). Plaintiff has a high school education, (*id.* at 259), and has past work experience as a pre-school teacher. (*Id.* at 260).

Defendant initially denied plaintiff's application on October 21, 2016. (*Id.* at 163-68).

1

Plaintiff sought an administrative hearing, which defendant held on November 8, 2017. (*Id.* at 115-34). Plaintiff and a vocational expert ("VA"), Patricia Riggle, testified at the hearing.

On February 15, 2018, the ALJ issued a decision in which he concluded that plaintiff is not disabled. (*Id.* at 44-53). In the decision, the ALJ concluded that plaintiff has the severe impairments of vertigo, degenerative disc disease, obesity, generalized anxiety disorder, and depression. (*Id.* at 46). The ALJ ultimately held, however, that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations. (*Id.* at 47). The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform light work activity as defined in 20 C.F.R. § 404.1567(b) except that she can never work in hazardous conditions or around dangerous machinery. (*Id.* at 48). He further found that she is limited to only occasional overhead reaching with her non-dominant, left upper extremity and to performing simple, routine, and repetitive work tasks and can have only superficial interactions with the public, coworkers, and supervisors. (*Id.*). Ultimately, the ALJ concluded that plaintiff can perform the jobs of air purifier servicer, maid/housekeeper, and sewing machine operator. (*Id.* at 53). The ALJ thus denied plaintiff DIB and SSI. (*Id.*).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled. On July 5, 2018, the Appeals Council denied plaintiff's request. (*Id.* at 1-7). Plaintiff then timely filed this civil action.

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal

standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d 243, 245 (5th Cir.1991).   If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.  *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).    It is more than a scintilla but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.  *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992).  Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.   Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.   Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.   ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   A claimant is considered disabled only if a physical or mental impairment is so severe that the claimant is unable to do not only previous work, but cannot, considering age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she or he applied for work.   42 U.S.C. § 1382(a)(3)(B). The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.   20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).   The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.   *Id*. §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or

4

equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make a disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

**IV.   ISSUES ON APPEAL**

There are two issues on appeal:

(1)   Whether the ALJ failed to apply the proper legal standard to determine whether plaintiff met all requirements for presumptive disability under Listing 2.07.

(2)   Whether the ALJ properly analyzed plaintiff's ability to balance.

## V. ANALYSIS

### 1. Whether the ALJ failed to apply the proper legal standard to determine whether plaintiff met all requirements for presumptive disability under Listing 2.07.

At step three of the sequential evaluation process the ALJ determines whether a claimant's impairment(s) meets or equals a listed impairment in the regulations ("the Listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The purpose of the Listings is to streamline the decisionmaking process "by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." *Bowen v. Yuckert*, 482 US 137, 153 (1987); *accord* Revised Medical Criteria for Determination of Disability, Musculoskeletal System and Related Criteria, 66 Fed. Reg. 58010-01, 58027, 2001 WL 1453802 (Nov. 19, 2001) ("The listings are an administrative convenience established by regulation to identify obviously disabled individuals."). The criteria for the Listings are "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994). The burden is on the claimant to show that an impairment meets or equals a Listing. *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016).

Listing 2.07 provides:

2.07 Disturbance of labyrinthine-vestibular function (Including Meniere's disease), characterized by a history of frequent attacks of balance disturbance, tinnitus, and progressive loss of hearing with both (A) and (B):
A. Disturbed function of vestibular labyrinth demonstrated by caloric or other vestibular tests; and
B. Hearing loss established by audiometry.

20 CFR Pt. 404. Subpt. P App. 1 §2.07. The ALJ found that plaintiff did not meet the listed criteria and thus she is not disabled. In his opinion, the ALJ concluded:

6

> With regard to the claimant's physical impairments, listings 1.04 Disorders of the Spine and 2.07, Disturbance of Labyrinthine-Vestibular Function were considered. Despite the claimant's symptoms from her impairments, the medical evidence does not establish the specific criteria of these listings, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination.

[Adm. Rec. at 47].   Plaintiff's main complaint here is that the ALJ wholly failed to consider the medical evidence of record, while defendant maintains that this lone paragraph demonstrates that the ALJ considered the medical evidence, and, even if he did not, the error is harmless.

In *Audler v. Astrue*, the Fifth Circuit remanded to the district court to remand to the Commissioner the issue of whether or not the plaintiff met the requirements of a listing.   501 F.3d 446, 449 (5th Cir. 2007).   The court noted:

> The ALJ did not identify the listed impairment for which Audler's symptoms fail to qualify, nor did she provide any explanation as to how she reached the conclusion that Audler's symptoms are insufficiently severe to meet any listed impairment. "Such a bare conclusion is beyond meaningful judicial review." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir.1996).

*Id.* at 448.   That is the case here.   The bare paragraph outlined above does not provide an explanation as to how the ALJ arrived at his conclusion that plaintiff here does not meet Listing 2.07. The ALJ obviously considered Listing 2.07 as he mentions it in passing in his opinion, but he cites to no medical evidence of record to support his conclusion.

However, defendant is correct that the Fifth Circuit elaborated on the holding in *Audler* by finding that even if the ALJ fails to meaningfully review the medical evidence to determine whether a claimant meets a listing, the Court must determine whether the error is harmless. *Id.* After a review of the record, this Court does not find the error harmless under these factual circumstances.

7

Like the Fifth Circuit in *Audler*, this Court finds that plaintiff "would appear to have met her burden of demonstrating that she meets the Listing requirements for § [2.07], and therefore her substantial rights were affected by the ALJ's failure to set out the bases for [his] decision at step three." *Id.* at 449. While the Court notes that there is evidence to support both plaintiff's and defendant's arguments,[1] it is not this Court's duty to weigh the evidence in the first instance. *Carey,* 230 F.3d at 135. That is the duty of the Commissioner. This Court cannot find that substantial evidence supports the ALJ's conclusion here when the ALJ cited to no evidence to support his ultimate conclusion that plaintiff does not meet Listing 2.07.[2]

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be GRANTED IN PART, the Commissioner's cross-motion be DENIED, and plaintiff's case be REMANDED under 42 U.S.C. § 405(g) to the Commissioner for further proceedings consistent with this opinion.

---

[1] *Compare* Adm. Rec. at 23-24, 31, 32, 36-37, 59, 74, 76, 79, 91, 120-21, 268, 273, 373, 375, 470-71, 505, 516, 519, 522-23 (evidence that plaintiff argues weighs in her favor) *to* 74, 78 (evidence that defendant argues weighs in its favor).

[2] Because the Court remands on plaintiff's first ground for error, the Court does not address plaintiff's second ground for error.

**NOTICE OF RIGHT TO OBJECT**

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 20th day of December, 2019.

 _____
 **DANA M. DOUGLAS**
 **UNITED STATES MAGISTRATE JUDGE**